NEWTOWN POOL CONSTRUCTION, LLC *v.*
MARK ERRICO
(AC 27498)

Schaller, DiPentima and McLachlan, Js.

Argued June 4—officially released September 4, 2007

---

*Walter A. Shalvoy, Jr.*, for the appellant (defendant).

*William F. L. Rodgers*, for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant, Mark Errico, appeals from the judgment of the trial court, rendered after a trial to the court, in favor of the plaintiff, Newtown Pool Construction, LLC. On appeal, the defendant claims that the court improperly awarded damages for unjust enrichment in a claim arising under the Home Improvement Act, General Statutes § 20-429. Because the record before us is inadequate, we decline to review the defendant's claim and, accordingly, affirm the judgment of the trial court.

The record reveals little about the factual background of this case.[1] On April 7, 2003, the plaintiff and the defendant entered into a written contract for the installation of an in ground swimming pool at the defendant's residence at a cost of $26,400. The plaintiff's complaint alleges that, shortly after the commencement of the work, the defendant requested that a pool slide be added to the construction and agreed to pay the additional charge associated therewith. The complaint further alleges that, during the construction process,

---

[1] Not only did the court not set forth the factual bases for its decision, as we will discuss, but the defendant also failed to provide us with a transcript of the trial.

groundwater was discovered and, pursuant to the contract, an additional fee was charged to remedy that problem. The defendant refused to pay $4743.50 due for the additional work of installing the slide, $582.47 for curing the groundwater problem and the final installment payment due under the original contract in the amount of $2640, for a total of $7965.97. The additional items of work were represented in two additional work orders.

The plaintiff filed this action in two counts, claiming breach of contract in the first count and unjust enrichment in the second count. Following a trial, the court found in favor of the plaintiff on both counts of the complaint. As to the first count, the court awarded damages in the amount of $2640, plus interest, costs and counsel fees. As to the second count, the court awarded damages for unjust enrichment in the amount of $5325.97. The court indicated that the unjust enrichment award was reached by "adding the two additional work orders, the first being for a slide and concrete in the amount of $4743.50, and the second being for stairwell removal and groundwater control in the amount of $582.47." The defendant filed a "motion to set aside the verdict and for remittitur" with regard to the unjust enrichment award on the ground that the additional work orders did not comply with the Home Improvement Act and, therefore, the plaintiff was barred from recovery. The court summarily denied the defendant's motion, and this appeal followed.

On appeal, the defendant challenges the court's judgment only as to the unjust enrichment count. The defendant claims that because the additional work orders were not signed by the defendant, did not include a start date for the project and did not contain a three day right of rescission as required by the Home Improvement Act, the court improperly awarded damages to the plaintiff on the basis of those additional work orders.

The Home Improvement Act was enacted in 1979 "not only to protect homeowners from substandard work, but also to ensure that homeowners are able to make an informed choice on a decision that has potentially significant financial consequences." *Barrett Builders* v. *Miller*, 215 Conn. 316, 327, 576 A.2d 455 (1990). In *Barrett*, our Supreme Court determined that a contractor could not recover from a homeowner on an unjust enrichment or quasi-contract theory for work done under a contract that violated the Home Improvement Act. Id., 322–23.

"The legislature added subsection (f) to § 20-429[2] when it enacted No. 93-215, § 1, of the 1993 Public Acts, in order to address what it considered to be the harsh result of *Barrett* . . . . See 36 S. Proc., Pt. 10, 1993 Sess., p. 3451, remarks of Senator Thomas F. Upson (As you know, there was a Supreme Court decision that said if it wasn't in writing and value had been put in . . . the contractor could not get any money back at all. So this at least attempts to alleviate partially that situation.); 36 H.R. Proc., Pt. 16, 1993 Sess., p. 5611, remarks of Representative Thomas A. Fox, chairman of the general law committee (discussing *Barrett Builders* and stating that it is somewhat unfair to require that each i be dotted and t be crossed)." (Internal quotation marks omitted.) *Economos* v. *Liljedahl Bros., Inc.*, 279 Conn. 300, 310, 901 A.2d 1198 (2006). Subsection (f) of § 20-429 allows quantum meruit recovery in certain cases of partial noncompliance with subsection (a), in which a contractor seeks "payment for work performed based on the reasonable value of services which were

---

[2] General Statutes § 20-429 (f) provides: "Nothing in this section shall preclude a contractor who has complied with subdivisions (1), (2), (6), (7) and (8) of subsection (a) of this section from the recovery of payment for work performed based on the reasonable value of services which were requested by the owner, provided the court determines that it would be inequitable to deny such recovery."

requested by the owner, provided the [fact finder] determines that it would be inequitable to deny such recovery." General Statutes § 20-429 (f).[3] Thus, if a court determines that the requirements of subsection (f) are met, it may award damages under a theory of unjust enrichment even if all of the requirements of the Home Improvement Act are not met.

In its decision, the court stated: "The court having reviewed all the exhibits presented as well as the testimony of the witness, who the court found to be credible, has determined that the plaintiff has sustained [its] burden of proof in regard to both counts of [its] complaint." The court did not make any factual findings or set forth the legal reasoning for its decision. "It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. . . . [A]n appellate tribunal cannot render a decision without first fully understanding the disposition being appealed." (Internal quotation marks omitted.) *Hudson United Bank* v. *Cinnamon Ridge Corp.*, 81 Conn. App. 557, 585, 845 A.2d 417 (2004). "Our role is not to guess at possibilities, but to review claims based on a complete factual record developed by the trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court, either on its own or in response to a proper motion for articulation,

---

[3] "The legislative history surrounding House Bill No. 7044, 'An Act Concerning Recovery of Home Improvement Contractors,' which became § 20-429 (f), indicates the amendment was intended to allow quantum meruit claims by contractors who had performed work and had not been paid, provided they satisfied the listed elements of § 20-429 (a). See 36 S. Proc., supra, p. 3448, remarks of Senator Thomas A. Colapietro (noting that amendment allows home improvement contractors to recover payments for reasonable value of services provided); 36 H.R. Proc., supra, p. 5603, remarks of Representative John Fox ('[the bill] modifies the existing law to allow a contractor to recover on a theory of quantum meruit for what is reasonable and fair based upon the work that was done, if in fact, certain requirements but not all that are required, are met')." *Economos* v. *Liljedahl Bros., Inc.*, supra, 279 Conn. 310 n.14.

any decision made by us . . . would be entirely speculative." (Internal quotation marks omitted.) *Ocwen Federal Bank, FSB* v. *Charles*, 95 Conn. App. 315, 329, 898 A.2d 197, cert. denied, 279 Conn. 909, 902 A.2d 1069 (2006).

On the basis of the court's award of damages on both counts, we could conclude that the court found that the original contract complied with the Home Improvement Act. Further, because the court did not award damages for the additional work orders under the contract count, but instead did so on the unjust enrichment count, we could conclude that the court did not consider those work orders to be part of the contract. Even if we draw these conclusions, however, we are still left with an inadequate record to review the defendant's claim because the court did not make any factual findings as to the requirements of § 20-429 (f). Because the court's decision is devoid of any findings or analysis on the unjust enrichment issue, and because the defendant did not seek an articulation, we would be left to speculate as to the basis of the court's decision in this regard. Accordingly, we decline to review the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.